IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MISAEL MARDOQUEO SUC CAN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| TODD BLANCHE, ACTING U.S. ATTORNEY | § | CIVIL ACTION NO. 9:26-CV-00307 |
| GENERAL; MARKWAYNE MULLIN, | § | JUDGE MICHAEL J. TRUNCALE |
| SECRETARY OF THE DEPARTMENT OF | § | |
| HOMELAND SECURITY; TODD LYONS, | § | |
| ACTING DIRECTOR OF IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT; MARCOS | § | |
| CHARLES, ACTING ASSOCIATE DIRECTOR | § | |
| OF ENFORCEMENT AND REMOVAL | § | |
| OPERATIONS; AND ALEXANDER | § | |
| SANCHEZ, WARDEN OF THE IAH SECURE | § | |
| ADULT DETENTION FACILITY, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Misael Mardoqueo Suc Can ("Suc Can")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Misael Mardoqueo Suc Can is a Guatemalan national. [Dkt. 1 at ¶ 21]. On February 4, 2026, United States Immigration and Customs Enforcement ("ICE") detained Suc Can. *Id.* at ¶ 22.

On April 30, 2026, Suc Can brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution, the Administrative Procedure Act ("APA"), federal regulations, and the Suspension Clause. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Suc Can argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Suc Can were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Suc Can's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Suc Can's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Suc Can's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Suc Can's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1),

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

1236.1(d)(1). Because a bond hearing would not have guaranteed Suc Can's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Suc Can's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Suc Can to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## B. APA

Suc Can argues that the Government violated the APA by failing to consider mitigating factors like his lack of criminal history and "pending humanitarian protection claims." [Dkt. 1 at ¶ 112]. The Court lacks jurisdiction to decide the merits of Suc Can's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Suc Can's lack of serious criminal history and potential eligibility for asylum or other special statuses do not retroactively make his illegal entry lawful. Because Suc Can is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Suc Can must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

## C. Equal Protection

Suc Can also argues that 8 U.S.C. § 1225's mandatory-detention scheme violates equal protection. This argument fails on the merits. According to Suc Can, section 1225 arbitrarily discriminates against illegal-entrant aliens by mandating detention for them, but not for aliens who enter the United States legally and stay longer than permitted. *See* [Dkt. 1]. However, not all discrimination violates equal protection—only discrimination between "similarly situated" persons. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020). Aliens who enter the United States without

inspection are not similarly situated to aliens who enter the country legally but unlawfully remain in the country past a certain date. Aliens seeking entry visas must undergo rigorous screening and may be denied permission to enter if deemed a security risk. *See, e.g.,* 8 U.S.C. § 1202(b) (requiring visa applicants to submit police records and jail records along with their applications). Of course, aliens who illegally enter the United States undergo no such vetting process. Accordingly, requiring pre-removal detention for illegal entrants, but not aliens who remain in the United States after their entry documents expire, does not violate equal protection. *See Hines*, 982 F.3d at 272.

### D. Suspension Clause

Suc Can further argues that the Government has violated the Suspension Clause, found in Article I of the United States Constitution. As its name and text suggest, the Suspension Clause does not come into play unless the writ of habeas corpus is somehow "suspended." *See* U.S. Const. art. I, § 9, cl. 2; *U.S. v. MacCollom*, 426 U.S. 317, 322 (1976). Only Congress, or the President with Congress's authorization, may suspend the writ. *See Ex parte Bollman*, 8 U.S. 75, 101 (1807) ("If at any time the public safety should require the suspension of the [writ], it is for the legislature to say so."); *Ex parte Milligan*, 71 U.S. 2, 16 (1866). Here, neither Congress nor the President has suspended the writ. Section 1225 does not preclude habeas review of pre-removal detention, and no executive action has purported to do so. *See* 8 U.S.C. § 1225. Accordingly, no suspension-clause violation has occurred.

## IV. CONCLUSION

It is therefore **ORDERED** that Suc Can's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of May, 2026.**

_____
Michael J. Truncale
United States District Judge